NORTHERN OIL CO. *v.* ADVANCED PETROLEUM CORPORATION.

1. PAYMENT—ACCOUNT STATED—BILLS AND NOTES — INDORSEMENT WITHOUT RECOURSE.
   In an action on an account stated, no recovery may be had against the payee in a note indorsed without recourse by it to plaintiff if accepted in payment of said account.[1]

2. SAME—EVIDENCE—SUFFICIENCY.
   Evidence *held*, to establish, as matter of law, that a note indorsed to plaintiff by defendant was received in payment of the account sued on.[2]

Error to Bay; Houghton (Samuel G.), J. Sub-

[1]Payment, 30 Cyc. p. 1201; [2]Id., 30 Cyc. p. 1295.

mitted June 3, 1925.    (Docket No. 16.)    Decided July 16, 1925.

Assumpsit by the Northern Oil Company against the Advanced Petroleum Corporation on an account stated. Judgment for plaintiff.    Defendant brings error.    Reversed.

*Robert H. Lane,* for appellant.

*Hewitt & Wixson,* for appellee.

CLARK, J.    The question is whether the note of a third party, Warson Petroleum Company, made to defendant, indorsed by it without recourse, and delivered to plaintiff, was received in payment of an account of defendant to plaintiff, or was received as security. Defendant, sued on the account, on error says that all the evidence supports its contention that it was entitled to a directed verdict.

Plaintiff contracted to purchase, and defendant to supply, oil.    Warson Petroleum Company was the supplier.    Out of the relation claims arose in favor of plaintiff, and, quoting testimony:

"A three way settlement was negotiated between the Warson Petroleum Company, the Advanced Petroleum Corporation, and the Northern Oil Company.    In this settlement it was agreed that there was due to the Northern Oil Company from the Advanced Petroleum Corporation, $2,250, and this figure was arrived at in the settlement.    They said in taking up the question if we could get a note from the Warson Petroleum Company for $2,000 they would cancel the past obligation of the Advanced Petroleum Corporation."

On February 13, 1922, defendant wrote to plaintiff, we quote from the letter:

"Regarding your claims for off specifications and temporary relief you gave us in billing, we are securing a note from our supplier for $2,000, payable in six

months, which you agreed to accept in full settlement of your claims."

On February 15th, plaintiff replied:

"We have noted your statement relative to payment of note from supplier for $2,000, payable in six months, and in this connection, I would like to ask when you anticipate receiving this document.   I recall our conversation of Sunday with respect to your guaranteeing payment, but am not clear on just how the paper would be handled.   However, I do recall that this was further talked over and I believe it is your intention to hold the paper in your office or possibly forward it to us for holding and you in turn, extend credit on gasoline for the amount of the note.

"Will you be kind enough to advise me in this?"

On February 18th. defendant wrote to plaintiff, we quote:

"We are enclosing herewith note in our favor from the Warson Petroleum Company, amount $2,000.   We have endorsed same, and this together with the $250 in cash which we sent you on January 19th makes $2,250 which we have turned over to you in consideration of your canceling unfilled portion of gasoline contract dated August 18, 1921, and all claims for relief, outages, demurrage, and any other disputed items which you may have had against this company, and which have been filed against us to date.

"We are also enclosing check from the Warson Petroleum Company, amount $221.68, which is to apply on this note.   Will you kindly make proper record on the back of note and advise the Warson Petroleum Company that you now hold same and have made proper credit for the amount of this check?

"As fast as these checks are received from the Warson Petroleum Company, we will turn them over to you and we would kindly ask that you see that a record is kept and Warson advised."

Plaintiff accepted the note, not questioning the terms of the above letter.   On February 24th, a check of the Warson company to defendant, indorsed, was forwarded to plaintiff and credit given on the note.

Plaintiff discounted the note at a bank and, after the due date, took it up. As we have said, it sued defendant as on account stated, not on the note. No recovery could be had against the payee as such in the note, it having indorsed without recourse. No recovery can be had against defendant if the account was paid by the note. Defendant's president at the time testified that it was agreed that, upon delivery of the note to plaintiff, the account would be canceled. Plaintiff's general manager testified:

"No, as I recall, the note was the culmination of a mutual agreement to close the proposition, to make the final settlement, that is as I recall it in my mind."

Plaintiff's president testified:

"Q. I ask you if you understood the acceptance of this note was to settle in full all claims, is that right? "A. The note, yes, sir."

Another witness testified that it was agreed—

"That if we could secure a note from the Warson people lumping the amount which we arrived at as being $2,000, and which would be acceptable to them, if we would go out and negotiate for this note and get this note and turn it over to the Northern Oil Company, the Northern Oil Company would relieve the Advanced Petroleum Company from any and all liabilities. In turn the Advanced Petroleum Company would relieve both parties of any profits which they might have in the contract." * * *

We think the evidence establishes beyond dispute that plaintiff received the note in payment of the account. It may not recover on an account extinguished by payment. Defendant was entitled to a directed verdict.

Judgment reversed. New trial granted. Costs to defendant.

McDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.